# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>KEITH L HAMILTON,<br><br>Debtor. | Case No. A11-00655-GS<br><br>Chapter 13 |

## MEMORANDUM ON MOTION FOR RELIEF FROM STAY

This matter came before the Court for a final hearing under 11 U.S.C. § 362(d) upon Bank of America, N.A.'s (BOA) *Motion for Relief from Stay* (Docket No. 59) on October 23, 2012. Mark Skolnick appeared for BOA. Robert Crowther appeared for the debtor. Chapter 13 trustee Larry D. Compton also appeared. The debtor, Keith Hamilton, also attended the final hearing and provided testimony in opposition to the motion.

BOA seeks to terminate the stay under 11 U.S.C. § 362(d)(1) with respect to a residence located at 4601 Becharof Street, Anchorage, Alaska 99507. The property is subject to a deed of trust recorded on September 6, 2006, securing debtor's obligations under a promissory note dated August 30, 2006, in the original amount of $199,500. As of the date it filed the motion, August 8, 2012, the balance owed to BOA was $267,157.90.[1] At that time, the debtor had missed eleven (11) payments and had incurred $19,933.87 in post-petition arrears.[2] The debtor acknowledges a substantial pre-petition arrearage, which BOA calculated at $62,763.44.[3]

---

[1] *Motion for Relief from Stay* (Docket No. 59), at 1.

[2] *Id.* at 2.

[3] *Third Amended Chapter 13 Plan* (Docket No. 44), at 2; *see also* BOA's *Claim No. 3*.

BOA specifically brings its motion under § 362(d)(1) of the Bankruptcy Code, which authorizes relief from the automatic stay for cause, including lack of adequate protection.[4] BOA claims cause exists based upon the debtor's failure to make plan payments, and doubts his ability to timely cure both pre and post-petition arrears.

Mr. Hamilton candidly acknowledged substantial pre and post-petition arrears. His payment history would seem to support terminating the automatic stay.[5] He explains, however, that his financial condition has recently improved and, more importantly, stabilized. He is now employed as a security guard, and is attending school to earn an associate's degree. Mr. Hamilton pointed to his progress in curing arrears under the current Chapter 13 plan as evidence of his improving finances.[6] As proof, he detailed several sources of income that he now believes are sufficiently reliable to permit him to catch up on outstanding arrears.[7] Mr. Hamilton also testified that he expects a monthly school stipend, which is tied to the Veteran's Administration, will increase providing some cushion for the payments.

---

[4] 11 U.S.C. § 362(d)(1).

[5] *See generally, In re Williams,* 68 B.R. 442 (Bankr. M.D. Ga 1987).

[6] The trustee's Chapter 13 case status report reflects payments of $4,125 on September 5, 2012, $1,400 on October 3, 2012, $830 on October 10, 2012, and $750 on October 12, 2012.

[7] Specifically, the debtor testified that currently his monthly income is comprised of the following:

| | |
|---|---|
| VA - Rehabilitation | $ 917 |
| Stipend (for school) | $ 1,326 |
| Wages | $ 1,400 |
| VA-Disability | $ 250 |
| Rent    (son) | $ 600 |
| Rent    (girlfriend) | $ 1,200 |
| Total Monthly Income | $ 5,693 |

Exhibits 1 and 2, admitted at the final hearing, support the VA-Rehabilitation and Stipend, respectively. Mr. Hamilton testified as to the remainder of the items.

2

The debtor testified that his current monthly expenses remain equivalent to those disclosed in his Schedule J in the amount of $4,106. This currently leaves the debtor with $1,587 per month to make his plan payments of $725 every two weeks.

As currently constructed, the plan payments are insufficient to cure all pre and post-petition arrears. The debtor responds to this point by offering to commit his federal tax refunds over the life of the plan. The *Third Amended Chapter 13 Plan* did not commit the refunds to the plan.[8] Importantly, the refunds are expected to be significant, due to the debtor's substantial earned income and child tax credits. The debtor submitted his federal tax returns for 2010 and 2011, which reflect refunds of $9,750 and $4,608, respectively.[9] The debtor projects a tax refund of approximately $7,048 for 2012.[10] At the final hearing, Mr. Hamilton stated his willingness to use the proceeds from these refunds to cure the outstanding arrears.

The debtor's financial problems also caused him to miss several plan payments, prompting the Chapter 13 trustee to move to dismiss the bankruptcy. Since then, the debtor has made substantial payments, though he still owes additional money to bring the plan payments current. The trustee has agreed to continue his motion to November 14th to allow the debtor to do so. BOA is the primary beneficiary of the proposed plan payments.

At the hearing on the Trustee's *Motion to Dismiss,* the court informed Mr. Hamilton that should he be unable to bring the plan payments current by November 14th, the bankruptcy will be dismissed. Dismissal will obviously render BOA's motion moot.

---

[8] *Third Amended Chapter 13 Plan* (Docket No. 44), at 1.

[9] The debtor admitted his 2010 federal tax return as Exhibit 4 in the final hearing, and tendered his 2011 federal tax return after the hearing at Docket No. 76.

[10] Exhibit 3 (estimated 2012 federal tax return).

3

Not only has the debtor agreed to this condition, he also agrees that the stay shall be terminated if he fails to make future plan payments, including the mortgage payments to be made directly to BOA. Finally, he has agreed that the stay may also terminate if he fails to turn over at least $6,000 by May 15th of each following year from his federal tax refunds.

BOA is entitled to its mortgage payments as well as payment on the arrears. If the debtor lacked the means to pay BOA prospectively, relief from the automatic stay would be appropriate.[11] The debtor, however, has pointed to specific improvements in his financial condition, and his recent payments to the Trustee strongly support his position. He has also committed his tax refunds to the curing of the arrears, and the projected refunds appear to be significant. Finally, the debtor has agreed to conditions that serve to adequately protect BOA by quickly terminating the stay in the event that he fails to make his monthly payments, or the tax refunds fail to materialize.

For these reasons, Bank of America's *Motion for Relief from Stay* (Docket No. 59) will be denied, subject to the following conditions: The automatic stay shall terminate should the debtor fail to: (1) prospectively make the required payments under the *Third Amended Chapter 13 Plan*, including the monthly mortgage payments directly to BOA[12], or (2) turn over his federal tax return by May 15th of each year the plan is in effect.[13] In the

---

[11] *Williams,* 68 B.R. at 443.

[12] The Court has previously entered its *Order on Trustee's Motion to Dismiss* (Docket No. 77) requiring the debtor to bring current all plan payments by November 13, 2012, or the case may be dismissed. The conditions imposed within this order are intended to operate prospectively assuming the debtor is able to bring the plan payments current by November 13th, and the Chapter 13 case proceeds forward.

[13] As noted above, debtor's counsel represented at the final hearing that the debtor would pay at least $6,000 in arrears to BOA from the annual federal tax refund. This is intended to be a floor on the amounts required to ensure that all pre and post-petition arrears are paid within the plan period. It is not a ceiling however. All of the debtor's future tax refunds over the course of the plan must be contributed to the arrears, including all amounts in excess of $6,000, if the debtor is to actually pay off BOA's arrears.

event that the debtor fails to timely make either the plan payments, including the mortgage payment directly to BOA, or the turnover of the tax refund, BOA or the Trustee may file notice with the Court identifying the default, after giving the debtor notice and ten (10) days to cure such default. The automatic stay shall terminate without further notice upon the filing of such notice.

An order will be entered consistent with this memorandum.

DATED: October 30, 2012.

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  M. Skolnick, Esq.
R. Crowther, Esq.
L. Compton, Trustee
U. S. Trustee